UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA     *

     v.                      Criminal Action No. RDB-07-0559

FRANK BAILEY

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

Defendant Frank Bailey ("Bailey" or "Defendant") was charged in a three-count Indictment with distribution and possession with intent to distribute a substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1) (Count I), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count II), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count III). On June 11, 2008, following a three-day jury trial, Bailey was convicted on all three counts. Presently pending before the Court is Bailey's Post-Verdict Motion for Judgment of Acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure, which was timely filed on June 18, 2008. Bailey argues that he should be acquitted on the second and third charges, because there was no substantial evidence that he was in possession of the firearm in question. The government has filed an opposition, and no hearing is necessary to decide this matter. *See* Local Rule 105.6 (D. Md. 2008). For the reasons stated below, Bailey's Post-Verdict Motion for Acquittal is DENIED.

### BACKGROUND

The following facts were presented at trial. On March 16, 2007, officers of the Baltimore City Police Department were conducting surveillance in the 300 block of South Edgewood Street

in Baltimore, Maryland, which is known as an open air drug market. While conducting surveillance and investigating, the officers received information that narcotics were being sold by a man at 301 South Edgewood Street. The officers parked a short distance from the residence with a clear view of the front entrance and observed what they believed to be two drug transactions between Bailey and two individuals who approached his home. The first time, Bailey was seen coming out of the residence onto the front porch and handing a small object to the individual in exchange for money. When the second individual was approaching with cash in his hand, the officers believed a second drug transaction was about to take place and approached the residence. As soon as they approached, Bailey ran inside, and the officers chased him inside the house. Bailey was arrested in the kitchen. The officers located a bag containing 23 baggies of what they suspected was cocaine and later proved to be cocaine base ("crack cocaine").

When the officers brought Bailey into the adjacent living room, they discovered a fully loaded FIE, model TEX22, .22 caliber revolver, serial number TX70716 under the couch. An expert from the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives determined that both the firearm and ammunition were manufactured outside of Maryland. Prior to March 16, 2007, Bailey had been convicted of a crime punishable by more than one year imprisonment and his civil rights had not been restored.

Bailey was indicted by a Grand Jury on November 29, 2007, on one count of distribution and possession with intent to distribute a substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1) (Count I), one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count II), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count III). A three-day

2

jury trial commenced on June 9, 2008, and the jury returned a guilty verdict on all three counts on June 11, 2008.  Defendant timely filed the subject Post-Verdict Motion for Acquittal on June 18, 2007 (Paper No. 50).

## STANDARD OF REVIEW

Under Rule 29 of the Federal Rules of Criminal Procedure, a jury verdict must be sustained if there is substantial evidence to support it, viewing the facts in a light most favorable to the Government. *Glasser v. United States*, 315 U.S. 60, 80 (1942).  The United States Court of Appeals for the Fourth Circuit has "defined 'substantial evidence' as 'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" *United States v. Smith*, 451 F.3d 209, 216 (4th Cir.), *cert. denied*, 127 S. Ct. 197 (2006) (citation omitted).  In determining whether there is substantial evidence, this Court "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982).  This Court "can reverse a conviction on insufficiency grounds only when the 'prosecution's failure is clear.'" *United States v. Moye*, 454 F.3d 390, 394 (4th Cir.), *cert. denied*, 127 S. Ct. 452 (2006) (citation omitted).

## DISCUSSION

Defendant Frank Bailey argues that he should be acquitted on the charge of possession of a firearm by a felon pursuant to 18 U.S.C. § 922(g)(1), set forth in Count III of the Indictment, because there was no substantial evidence that he was in possession of the gun.  He further argues that, even if this Court finds that there was substantial evidence for a jury to find him in

3

possession of the firearm, the possession was not in furtherance of a drug trafficking crime, as set forth in Count II.

As to the issue of possession, it is well-established that possession may be constructive. *See United States v. Wilson*, 484 F.3d 267, 282 (4th Cir. 2007), *cert. denied*, 128 S. Ct.1758 (2008) ("The Government only had to prove that [the defendant's] possession was constructive, meaning that he 'exercised, or had the power to exercise, dominion and control over the' firearm."). The possession must also be knowing and intentional. *United States v. Scott*, 424 F.3d 431, 435-36 (4th Cir.), *cert. denied*, 546 U.S. 1051 (2005). In this case, the gun was found in the living room, not far from the doorway where Bailey was seen exiting the residence onto the front porch to engage in drug transactions. Clearly, he had the power to exercise dominion and control over the weapon as he was in close proximity to it. There was substantial evidence from which a jury could reasonably conclude that Bailey was in possession of the firearm. Accordingly, Defendant's Post-Verdict Motion for Acquittal is DENIED as to Count III.

As to the issue of whether the firearm was possessed in furtherance of a drug trafficking crime, both the Defendant and the Government cite to the Fourth Circuit's decision in *United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002), *cert. denied*, 537 U.S. 1031 (2002). In *Lomax*, the Fourth Circuit explained that the Government must "present evidence indicating that the possession of a firearm furthered, advanced, or helped forward a drug trafficking crime." *Id.* The court also enumerated several factors to be considered, including "'the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.'" *Id.*

(quoting *United States v. Ceballos-Torres*, 218 F.3d 409, 414-15 (5th Cir. 2000)).  In this case, the firearm in question was loaded, located in the living room not far from the entrance to the residence where Bailey brought the drugs to be sold, and was recovered shortly after Bailey engaged in drug transactions.  In addition, although there is no evidence the revolver was stolen, it was not registered to Bailey and his possession of both the gun and the ammunition was clearly illegal given that he was previously convicted of a felony punishable by more than one year of imprisonment and his rights had not been restored.  While this Court expressed some question as to the sufficiency of the evidence of the use of this gun in furtherance of the drug trafficking activity, the jury verdict in this case must be sustained if there is substantial evidence to support it, viewing the facts in a light most favorable to the Government.  This Court cannot reverse the conviction on Count II on insufficiency grounds unless there is a clear failure of proof.  *United States v. Moye*, 454 F.3d 390, 394 (4th Cir.), *cert. denied*, 127 S. Ct. 452 (2006) (citation omitted).  In evaluating the factors set forth by the Fourth Circuit in *Lomax*, there was substantial evidence from which a jury could reasonably conclude that Bailey's possession of a firearm "furthered, advanced, or helped forward" his drug trafficking activities.  Thus, Bailey's Post-Verdict Motion for Acquittal is DENIED as to Count II.

## CONCLUSION

For the reasons stated above, Defendant Frank Bailey's Post-Verdict Motion for Acquittal is DENIED.  A separate Order follows.

/s/ _Rd D. Bennt_

Richard D. Bennett
United States District Judge

Date: August 8, 2008