IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRANK BAILEY #43363-037,      *
     Petitioner

                         *

     v.                          Civil Action No. RDB-12-3557
                         *      Criminal No. RDB-07-0559

UNITED STATES OF AMERICA,
     Respondent.          *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM ORDER

Via Order dated January 17, 2013 (ECF No. 76), this Court dismissed and denied as untimely a 28 U.S.C. § 2255 Motion to Vacate filed by Petitioner Frank Bailey ("Petitioner" or "Bailey"), a self-represented inmate incarcerated at the United States Penitentiary in Lompoc, California. Currently pending is Petitioner's January 22, 2013 letter to this Court (ECF No. 77), which the United States Court of Appeals for the Fourth Circuit has recently construed as a Motion to Alter, Amend, or Otherwise Seek Relief. *United States v. Bailey*, No. 13-7863, at \*2 (4th Cir. Feb. 16, 2016) (per curiam). For the reasons stated herein, Petitioner's Motion to Alter, Amend, or Otherwise Seek Relief (ECF No. 77) is DENIED.

## BACKGROUND

On September 4, 2008, this Court sentenced Petitioner Frank Bailey ("Petitioner" or "Bailey") following his conviction on drug and gun charges. Judgment, ECF No. 57. Judgment was affirmed on direct appeal on May 22, 2009 (ECF No. 67), and the appellate mandate issued on June 15, 2009 (ECF No. 68). On November 26, 2012, Bailey signed a

Motion to Vacate, Set Aside, or Correct his sentence under 28 U.S.C. § 2255 (ECF No. 74).[1]

Because Bailey's Motion was untimely by nearly two and one-half years[2], this Court granted

him twenty-eight days to demonstrate why the Motion was timely or why equitable tolling

was otherwise warranted.  Order, ECF No. 75.  Bailey did not respond to this Court's Order

within twenty-eight days, and this Court subsequently issued an Order dismissing and

denying his Motion to Vacate as untimely.  Order, ECF No. 76.  However, Bailey mailed a

letter to this Court on January 22, 2013 (ECF No. 77), five days after this Court dismissed

his Motion to Vacate, which the United States Court of Appeals for the Fourth Circuit has

recently construed as a Motion to Alter, Amend, or Otherwise Seek Relief.  *United States v.

Bailey*, No. 13-7863, at *2.

## **STANDARD OF REVIEW**

Rule 59(e) of the Federal Rules of Civil Procedure authorizes a district court to alter,

amend, or vacate a prior judgment, and Rule 60 provides for relief from judgment. As

explained by this Court in *Cross v. Fleet Reserve Ass'n Pension Plan*, Civ. No. WDQ–05–0001,

2010 WL 3609530, at *2 (D. Md. Sept. 14, 2010):

> A party may move to alter or amend a judgment under Rule 59(e), or for relief
> from a judgment under Rule 60(b). *See* Fed. R. Civ. P. 59(e) & 60(b). A motion
> to alter or amend filed within 28 days of the judgment is analyzed under Rule
> 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R. Civ. P. 59(e);
> *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re
> Burnley*, 988 F.2d 1, 2–3 (4th Cir.1992).

[1] Bailey's Motion to Vacate was received by the Clerk of this Court on December 3, 2012.  For the purposes of assessing timelines under 28 U.S.C. § 2255, this Court deems the Motion delivered to prison authorities on the signature date.  *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule).

[2] A Motion to Vacate, Set Aside, or Correct a federal sentence must be filed within one year from "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255.

(footnote omitted). The parties dispute whether Petitioner's Motion is a Motion under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure. *See United States v. Bailey*, No. 13-7863, at *2 n.1 ("Bailey's appointed appellate counsel asserts that the January 22 motion is a motion under either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, while the government asserts that the motion should be construed as a motion under Rule 59. *See* Appellant's Br. at 1; Appellee's Br. at 9 n.1."). Therefore, this Court will consider Petitioner's arguments under both Rules 59(e) and 60(b).

## I. Rule 59(e)

The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g., Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n. 8 (4th Cir. 2008). Such motions do not authorize a "game of hopscotch," in which parties switch from one legal theory to another "like a bee in search of honey." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003). In other words, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright, et al., Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)). Where a party presents newly discovered evidence in support of its Rule 59(e) motion, it "must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Id.* (internal citations and quotation marks omitted). "In general, reconsideration of a judgment

after its entry is an extraordinary remedy which should be used sparingly." *Id.* (internal citations and quotation marks omitted).

## II.     Rule 60(b)

To support a motion under Rule 60(b), the moving party must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Hale v. Belton Assoc., Inc.*, 305 Fed. Appx. 987, 988 (4th Cir. 2009) (quoting *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). If these threshold requirements are met, the moving party must then show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. *See* Fed. R. Civ. P. 60(b).  The moving party "must clearly establish the grounds therefore to the satisfaction of the district court," and those grounds "must be clearly substantiated by adequate proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (citations omitted). "Rule 60(b) provides extraordinary relief and may only be invoked under 'exceptional circumstances.' " *Mines v. United States*, No. WMN–10–520, 2010 WL 1741375, at *2 (D. Md. April 28, 2010) (Nickerson, J.) (quoting *Compton v. Alton Steamship Co.*, Inc., 608 F.2d 96, 102 (4th Cir. 1982)).

## ANALYSIS

In his Motion to Vacate (ECF No. 77), Petitioner argues that his conviction should be overturned because he was wrongly accused and because the police officers involved with

his case are liars and have since been fired from their positions.  In defense of his late filing, he entered the following explanation in a text field at the bottom of his Motion to Vacate: "I didn't have the information to go forward with this motion, the information that I have was not available to me so I could not go forward with this motion, but I have this newly discovered evidence and I'm now ready to proceed with this motion."  This Court found his argument unpersuasive and, accordingly, dismissed his Motion to Vacate as untimely. Order, ECF No. 76.

In his presently pending Motion to Amend (ECF No. 77), Petitioner makes the following argument in defense of his late Motion to Vacate:

> I'm writing you to let you know why my petition is not timely, the information was giving [sic] to me from a reliable source and the party that gave me the information just went home himself and he looked on the computer and saw the information and gave it to me, this information was not available to me, that's why I didn't come forward with this information earlier.  Also, in regards to the crack law, it just became available to everyone and that's why I'm just now writing you concerning the matter.  The crack law was not retroactive in the beginning, so I couldn't write for this motion . . . .[3]

This Motion essentially restates what Petitioner already argued, unsuccessfully, in his Motion to Vacate.  Without more, a Petitioner's claim that some information previously unavailable has now become available is insufficient to obtain equitable tolling.  As this Court explained in its December 11, 2012 Order, equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice

---

[3] Petitioner also contends that he was late in responding to this Court's request that he demonstrate why his Motion to Vacate is timely or why equitable tolling is otherwise warranted because the mail was delivered late at the United States Penitentiary.  However, the timeliness of the pending Motion to Amend, and whatever excuse Petitioner may have for his late filing, does not determine whether or not this Court should amend its Order dismissing the underlying Motion to Vacate as untimely.

would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).  Because Petitioner has already raised this argument, and this Court has already rejected it, it certainly fails to satisfy the elements of a successful Motion to Amend under either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure.  Additionally, Petitioner's reference to the "crack law" is no help. Nowhere in his Motion to Vacate does he make an argument based on the "crack law."  He notes only that he is currently challenging his sentence under 18 U.S.C. § 3582 in a *separate motion* before this Court and that the issue in that Motion is the "crack law."  For these reasons, Petitioner's Motion to Alter, Amend, or Otherwise Seek Relief (ECF No. 77) is DENIED.

## CONCLUSION

For the reasons stated above, it is this 25th day of February, 2016, ORDERED that:

1.   Petitioner's Motion to Alter, Amend, or Otherwise Seek Relief (ECF No. 77) is DENIED; and

2.   The Clerk of the Court transmit a copy of this Memorandum Order to Petitioner and Counsel of Record.

____/s/_____
Richard D. Bennett
United States District Judge